UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARVEY RAFEAL BOLIVAR-ASCANIO,

Petitioner,

Case No. 26-cv-1319-pp

v.

SHERIFF DALE J. SCHMIDT,
ACTING DIRECTOR RAYMOND HERNANDEZ,
MARKWAYNE MULLIN, TODD BLANCHE
and DAVID VENTURELLA,

Respondents.

**ORDER SCREENING PETITION (DKT. NO. 1) AND REQUIRING
RESPONDENTS TO SHOW CAUSE**

In 2022, petitioner Garvey Rafeal Bolivar-Ascanio, a citizen of Venezuela, entered the United States without inspection and since has been living and working in Madison, Wisconsin. Dkt. No. 1 at ¶2. He has an Employment Authorization Document, a Social Security number and a pending petition for asylum. Id. On June 30, 2026, the Department of Homeland Security arrested him for unlawfully entering the country without inspection; DHS continuously has detained him since his arrest. Id. at ¶¶24-26. The petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, arguing that his continued detention without a hearing violates the Immigration and Nationality Act (INA), 8 U.S.C. §1226(a), and his Fifth Amendment due process rights. Id. at ¶¶52-90. Because the petitioner has paid the $5 filing fee, the court will screen

1

the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to show cause why the court should not grant the petition.

## I.  Legal Standard

Section 2241 of Title 28 allows the court to review the legality of the petitioner's detention. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 688 (2001). A court reviewing a petition under §2241 applies the Rules Governing Section 2254 Cases. <u>Chagala v. Beth</u>, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, a court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II.  *Habeas* Petition

The petitioner, a twenty-seven-year-old national of Venezuela, entered the United States without inspection in or about 2022. Dkt. No. 1 at ¶21. Following his entry, he filed a Form I-589 application for asylum with U.S. Citizenship and Immigration Services and was issued an Employment Authorization Document and a Social Security number. <u>Id.</u> at ¶¶22-23. The petitioner alleges that he has lived and worked in Madison lawfully with no encounters with immigration enforcement prior to his arrest on June 30, 2026. <u>Id.</u> at ¶¶2, 21, 23. He asserts that on June 30, he was forcibly removed from

2

his vehicle without explanation and without officers identifying themselves, asking him any questions or stating the purpose of the traffic stop. <u>Id.</u> at ¶24. According to the petitioner, DHS placed him in removal proceedings, detained him in the Dodge County Jail and classified him as subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A). <u>Id.</u> at ¶¶25-26. He remains in custody without have been afforded an individualized hearing, separated from his family and community. <u>Id.</u> at ¶27.

The petitioner argues that his mandatory detention under 8 U.S.C. §1225(b)(2) violates the INA because that statute does not apply to noncitizens who entered without inspection and who later were detained inside the country. <u>Id.</u> at ¶50. He alleges that his detention is not authorized under 8 U.S.C. §1226(a), which requires a bond hearing with an individualized custody determination based on the petitioner's risk of flight or dangerousness. <u>Id.</u> at ¶66. He further argues that under <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976), his detention violates his Fifth Amendment due process rights. <u>Id.</u> at ¶¶69-76.

## III.    Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). The Seventh Circuit recently joined the majority of circuits that have addressed this issue in rejecting the government's argument that individuals such as the petitioner— who entered the country years earlier and were arrested far from any border or port of entry—are subject to a statutory requirement of mandatory detention.

3

<u>Cirrus Rojas v. Olson</u>, No. 25-3127, 2026 WL 2198315, *17 (7th Cir. July 30, 2026).

The court will order the clerk's office to serve Sheriff Dale J. Schmidt, who has physical custody of the petitioner. The federal respondents, who are responsible for the petitioner's arrest and current detention, have appeared through Assistant United States Attorney Stuart Gillgannon under a Memorandum of Understanding Regarding *Habeas Corpus* Petitions filed under 28 U.S.C. §2241-Federal Detainees. Under paragraph 2(b) of the Memorandum, the United States Attorney's Office has agreed to respond to the substance of the petition on behalf of the federal detainee's custodian and any federal respondents named in the petition. The court will order the United States Attorney's Office to respond to this show-cause order within seven days of the date of the order (rather than waiting for service on Schmidt).

## IV.    Conclusion

The court **ORDERS** the clerk's office to promptly serve respondent Dale Schmidt.

The court **ORDERS** that the respondents must show cause within seven days why the court should not grant the petition.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4